104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Kevin TRAMUTOLA and Mary Tramutola, Plaintiffs-Appellants,
v.
The CITY OF NEW YORK, Defendant-Appellee.
 No. 96-7420.
 United States Court of Appeals, Second Circuit.
 Dec. 2, 1996.
 
 1
 APPEARING FOR APPELLANT: A. Paul Goldblum, Brooklyn, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: George Gutwirth, Corporation Counsel of the City of New York, New York, N.Y.
 
 
 3
 Before CARDAMONE, LEVAL, Circuit Judges, and POOLER,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is VACATED and the case is REMANDED for further proceedings.
 
 
 6
 Kevin and Mary Tramutola appeal from a final judgment rendered by the district court on March 22, 1996, in which the court dismissed all of plaintiffs' claims. Kevin Tramutola suffered injuries in the course of his employment for the City of New York as a dock builder assigned to the Derrick One, a crane-bearing barge. The Tramutolas appeal the dismissal of their claims for compensation under the Jones Act, 46 U.S.C. app. § 688, and the general maritime law of seaworthiness.
 
 
 7
 After a non-jury trial, the district court dismissed the Tramutolas' claims. As the court noted, neither the Supreme Court nor the Second Circuit had articulated a standard to determine whether the floating structure on which an employee works is a "vessel in navigation" for purposes of Jones Act and general maritime law recovery. The court therefore surveyed other circuits' treatment of the issue, and adopted the test set forth in DiGiovanni v. Traylor Brothers, Inc., 959 F.2d 1119 (1st Cir.1992). Under the DiGiovanni test, a structure's primary purpose must be the transportation of cargo, equipment, or persons across navigable water in order for the structure to qualify as a "vessel in navigation." Id. at 1123. Since the primary purpose of the Derrick One was to serve as a floating work platform, the district court explained, the Tramutolas had failed to establish that Kevin was employed in connection with a "vessel in navigation," as required for recovery under the Jones Act and general maritime law. See McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 354-55, 111 S.Ct. 807, 817 (1991); Roper v. United States, 368 U.S. 20, 23-24, 82 S.Ct. 5, 7-8 (1961).
 
 
 8
 Recently, this court for the first time addressed the proper standard for evaluating a structure's status as a "vessel in navigation." Tonnesen v. Yonkers Contracting Co., Inc., 82 F.3d 30 (2d Cir.1996). The Tonnesen court considered and rejected the DiGiovanni "primary purpose" standard in favor of a less restrictive test looking to
 
 
 9
 (1) whether the structure was being used primarily as a work platform during a reasonable period of time immediately preceding the accident; (2) whether the structure was moored or otherwise secured at the time of the accident; and (3) whether, despite being capable of movement, any transportation function performed by the structure was merely incidental to its primary purpose of serving as a work platform.
 
 
 10
 Id. at 36.
 
 
 11
 Because Tonnesen was not decided until several weeks after the district court's judgment in this case, its evaluation of the Tramutolas' claims was made without the benefit of the standard for "a vessel in navigation" articulated in Tonnesen. We consider it appropriate, therefore, to vacate the judgment and remand to allow the district court to consider the evidence in light of the Tonnesen test.
 
 
 
 *
 United States District Judge for the Northern District of New York, sitting by designation